UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**SCHONDA GRANT**
680 Fitzwater Street,
Apt
Salisbury, MD 21801

      Plaintiff,                                 Civil Action No.: 1:21-cv-1079

v.

**PARK HOTELS AND RESORTS, INC.**
7 St. Paul Street
Baltimore, MD 21202

      Defendant.

---

## COMPLAINT
---

Plaintiff Schonda Grant, and for her complaint against Park Hotels and Resorts, Inc., formerly known as Hilton Worldwide ("Hilton"), and respectively avers as follows:

### PARTIES

1. Plaintiff Schonda Grant is a resident of the state of Maryland.

2. Defendant Park Hotels and Resorts, LLC. is a business principally based in state of Virginia.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over Plaintiff's claims under 28 U.S.C. § 1332.

4. Venue is proper under 28 U.S.C. § 1391(b) because Defendants conduct business and can be found in this judicial district.

5. The events giving rise to the claims in this action occurred in this judicial district.

6. Plaintiff has exhausted all administrative remedies with the Equal Employment Opportunity Commission and is in possession of a Notice of Right to Sue.

### FACTUAL BACKGROUND

7. At all relevant times, Defendant acted as through a unified operation and common control with Hilton Worldwide and Doubletree by Hilton Ocean City Oceanfront.

8. Park Hotels & Resorts Inc. is a real estate investment trust focused on hotel properties, and is based in Tysons, Virginia. Park Hotels and Resorts Inc. serves as a spin-off entity for the formerly named Hilton Worldwide. Park Hotels & Resorts Inc. owns the Doubletree by Hilton Ocean City Oceanfront. Consequently, Park Hotels & Resorts Inc. and Doubletree by Hilton maintained

9. Plaintiff Schonda Grant began working as a full-time housekeeper for Defendant in June 2020. She was hired by Angelika, the Head of Housekeeping, and paid $12.00 per hour.

10. Grant was pregnant at the time of hire.

11. Grant noticed that housekeepers at the Doubletree were usually paired almost every day that she worked there. However, Grant was not paired with an employee.

12. Due to her pregnancy, Grant began experiencing back pains with making beds. Consequently, on June 7, 2020, Grant requested an accommodation. On June 7, 2020, Grant told Angelika that she was pregnant and requested that she be allowed to work alongside or pair up with another employee during her shifts.

13. Angelika replied "Awe okay I can have a girl with you making beds if that will help?" Grant stated, "Ok thank you I greatly appreciate it."

14. On June 8, 2020, Plaintiff was terminated by Angelika.

## CAUSES OF ACTION

### Count 1: Title VII of the Civil Rights Act of 1964
*Failure to Accommodate*

15. Grant incorporates every preceding paragraph as alleged above.

16. Grant requested a reasonable accommodation while working for Defendant.

17. Defendant refused or failed to provide a reasonable accommodation to Plaintiff. The accommodation would not have been an undue burden for Defendant.

18. WHEREFORE, Grant prays for nominal damages; compensatory damages, in an amount to be determined at trial; punitive damages, in an amount to be determined at trial; attorney's fees and the costs of this litigation; back pay, front pay, and future benefits, as may be appropriate; pre- and post-judgment interest; and any other relief the Court deems necessary and appropriate.

### Count 2: Pregnancy Discrimination Act of 1978
*Discrimination*

19. Grant incorporates every preceding paragraph as alleged above.

20. Grant was terminated by Defendant because she informed Defendant that she was pregnant.

21. WHEREFORE, Grant prays for nominal damages; compensatory damages, in an amount to be determined at trial; punitive damages, in an amount to be determined at trial; attorney's fees and the costs of this litigation; back pay, front pay, and future benefits, as may be appropriate; pre- and post-judgment interest; and any other relief the Court deems necessary and appropriate.

### Count 3: Pregnancy Discrimination Act of 1978
*Retaliation*

22. Grant incorporates every preceding paragraph as alleged above.

23. Grant engaged in protected activity after requesting an accommodation from Defendant. Grant was subsequently terminated because of the protected activity.

24. WHEREFORE, Grant prays for nominal damages; compensatory damages, in an amount to be determined at trial; punitive damages, in an amount to be determined at trial; attorney's fees and the costs of this litigation; back pay, front pay, and future benefits, as may be appropriate;

pre- and post-judgment interest; and any other relief the Court deems necessary and appropriate.

## JURY DEMAND

**PLAINTIFF DEMANDS TRIAL BY JURY**

Dated: May 3, 2021

> By: */s/Ikechukwue Emejuru*
> Ikechukwu Emejuru
> **Emejuru Law L.L.C.**
> 8403 Colesville Road
> Suite 1100
> Silver Spring, MD 20910
> Telephone: (240) 638-2786
> Facsimile: (240)-250-7923
> iemejuru@emejurulaw.com